### HILL CITY RY. CO. v. YOUNGQUIST, Atty. Gen. of Minnesota et al.

District Court, D. Minnesota, Third Division.
April 23, 1929.

Kellogg, Morgan, Chase, Carter & Headley, of St. Paul, Minn., and Paul E. Blanchard, Chas. J. Faulkner, Jr., and H. K. Crafts, all of Chicago, Ill., for plaintiff.

John F. Bonner, of St. Paul, Minn., A. L. Thwing, of Grand Rapids, Minn., F. W. Allen, of Detroit, Mich., and W. B. Taylor, of Grand Rapids, Minn., for defendant.

Before BOOTH, Circuit Judge, and CANT and SANBORN, District Judges, sitting under Judicial Code, § 266.

PER CURIAM. This is a bill in equity seeking to restrain the defendants and each of them from in any way interfering with plaintiff's proposed abandonment of its line of railroad and the surrender of its franchise; also seeking to restrain defendants and each of them from taking steps to enforce against plaintiff any penalties for making such abandonment, and especially the penalties prescribed by sections 4709 and 4714, General Statutes Minn. 1923.

The present hearing is upon an application by plaintiff, duly made to a court of three judges duly constituted under section 266, Judicial Code (28 USCA § 380), for an interlocutory injunction against the defendants, restraining them and each of them from doing any of the things above specified during the pendency of the suit. A temporary restraining order has heretofore been issued.

The defendants have appeared and filed a motion to dismiss, on the ground, among others, that the United States District Court has no jurisdiction of the subject-matter, and,

without prejudice to their rights under said motion, the defendants have also opposed the application for an injunction on the merits. It may be open to question whether the motion to dismiss is properly for hearing before the court of three judges; but, since we have reached a unanimous conclusion on the questions involved in the motion, the irregularity, if there be one, is not fatal.

A recital of some of the facts alleged in the bill is necessary to a proper understanding of the motion to dismiss, and for the purposes of the motion they must be taken to be true.

The railroad of plaintiff is located wholly within the state of Minnesota. It is 17½ miles long, located in Aitkin and Itasca counties, and extends from Hill City to Mississippi Junction. It was built in 1908–1909 by the Mississippi, Hill City & Western Railway Company. It was purchased by plaintiff, a Minnesota corporation, in 1915. It does not appear from the record that plaintiff owns any other railroad, but it does appear that it has operated under lease a small line, 6.7 miles long, extending from Mississippi Junction to Swan River, Minn., connecting with plaintiff's railroad at the former point and with the Great Northern Railway at the latter. The business of the railroad has been both intrastate and interstate. Plaintiff has outstanding stock amounting to $50,000, and bonds secured by mortgage on its railroad amounting to $249,000.

The manufacturing plant of the National Woodenware Company has been located until recently at Hill City. Its business was the manufacture of wooden pails, tubs, etc. During the years 1923–1928, inclusive, the Woodenware Company furnished to said railroad 60 per cent. of the total traffic of the railroad. The woodenware company is owned by Armour & Co., and the stock and bonds of the railroad company are also owned by that same company.

In the winter of 1928–1929 the woodenware company quit business at Hill City and dismantled its plant. Thereupon the plaintiff railway company filed an application with the Interstate Commerce Commission for leave to abandon its railroad so far as interstate commerce was concerned, on the ground that for more than ten years the railroad had been operated at a loss, and that, owing to the ceasing of operations of the plant of the woodenware company at Hill City, the loss would be even greater in the future, and that the public convenience and necessity no longer required the operation of the railroad. The plaintiff filed an application to abandon on similar grounds, so far as intrastate business was concerned, with the Railroad and Warehouse Commission of the state of Minnesota. By mutual arrangement of the parties interested, the testimony was taken in common under the two applications.

The Interstate Commerce Commission found that the railroad had for years been operated at a loss, and that there was a reasonable certainty that its operation in the future could be only at a loss; it found further that the public necessity and convenience no longer required the operation of the railroad, so far as interstate commerce was concerned; and it granted leave to abandon the operation of the railroad so far as interstate commerce was concerned. The Railroad and Warehouse Commission of the state of Minnesota found that the operation of the railroad could not be abandoned without substantial injury to the public, and it denied the application of the railroad company to abandon the operation and surrender its franchise.

The relevant statutory provisions of Minnesota are found in sections 4926, 4930, 4714, and 4709, General Statutes of Minnesota 1923. Section 4926 forbids the abandonment of a railroad, except in accordance with the procedure provided by section 4930. Section 4930 provides for an application to the Railroad and Warehouse Commission, and gives that body authority to authorize the abandonment if the facts upon the hearing satisfy the commission that the proposed abandonment will not result in substantial injury to the public. Otherwise, the application is to be denied. Section 4714 provides a penalty of $100 a day for each day of default in failing to comply with any order of the commission. Section 4709 provides penalties from $2,500 to $5,000 for a first violation of any provision of the chapter.

In view of the order of the state Railroad and Warehouse Commission, the proper state officers, defendants herein, have threatened action against plaintiff in case it abandoned the operation of its railroad. The plaintiff has brought the present suit for injunction, claiming that it has a right to abandon the operation of its railroad on the ground that there is a reasonable certainty that the same cannot be operated except at a loss; that the sections of the Minnesota statutes above cited are, as construed by the proper state officers, defendants herein, in contravention of the provisions of the Fourteenth Amendment to the United States Constitution; that the threatened actions of the proper state officers, defendants herein, are also in con-

travention of the provisions of the Fourteenth Amendment; and that the penalties provided in the sections of the statutes of Minnesota above cited are so severe and extreme for violation of the order of the Railroad and Warehouse Commission as to render the order and the act under which it was made in contravention of the provisions of the Fourteenth Amendment.

█ The foregoing are in substance the allegations of the bill of complaint. One point raised by the motion to dismiss is that the United States District Court has no jurisdiction of the subject-matter. The contention is that such jurisdiction can be based only on section 24, Judicial Code (28 USCA § 41); that no diversity of citizenship is shown; that the only other ground under said section is that the construction of the United States Constitution or of some United States statute is involved; that no such question is raised by the present suit, but merely the construction of a statute of the state of Minnesota; and that this is not a sufficient basis of jurisdiction for a federal court.

We think that these contentions under the motion to dismiss are based upon a misconception of the bill of complaint. The gist of the bill is that the sections of the Minnesota statute above cited, together with the order of the Railroad and Warehouse Commission, as construed by the state officials, the defendants herein, are violative of the rights of plaintiff secured by the Fourteenth Amendment as properly construed, and that the threatened action by defendants against plaintiff are also violative of plaintiff's rights under said amendment. It is clear that a federal question or federal questions are thus presented. Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Siler v. L. & N. R. Co., 213 U. S. 175, 192, 29 S. Ct. 451, 53 L. Ed. 753; Washington ex rel. v. Fairchild, 224 U. S. 510, 32 S. Ct. 535, 56 L. Ed. 863; Railroad Commission v. Eastern Texas R. Co., 264 U. S. 79, 85, 44 S. Ct. 247, 68 L. Ed. 569; Brownwood, etc., Ry. v. Commission (D. C.) 16 F.(2d) 297. The United States District Court accordingly has jurisdiction.

█ Another point raised by the motion is that the complaint shows that plaintiff has an adequate remedy at law. The adequate remedy at law must be in the federal court. None is pointed out, and in our opinion none such exists.

█ Another point is that the statutes of Minnesota above cited became part of the charter of plaintiff company, and that consequently it is bound by the charter contract to continue the operation of its railroad, unless permission to abandon is obtained from the Railroad and Warehouse Commission. The answer is that the question of abandonment of a railroad because it cannot be operated without a loss is not covered by the statutes cited, and the Railroad and Warehouse Commission has no jurisdiction over such question. Such is the construction placed upon the statute by the Supreme Court of the state. State v. Duluth, etc., Ry. Co., 150 Minn. 31, 184 N. W. 186.

█ Finally, the point is made that an appeal has been taken by plaintiff company from the order of the Railroad and Warehouse Commission to the state district court, and that by so doing plaintiff company has estopped itself from bringing the present suit in federal court. The answer is that the right of abandonment of the railroad, because it cannot be operated without loss, was not involved in the proceeding before the Railroad and Warehouse Commission as an independent ground, and that commission had no jurisdiction over such a question as a ground for relief. But that question is the crucial one in the present suit in this court. There is accordingly no estoppel to litigate that question.

The recent decision of the Supreme Court of the United States in the case of Gilchrist et al. v. Interborough Rapid Transit Co. et al., 49 S. Ct. 282, 73 L. Ed. ——, opinion filed April 8, 1929, is called to our attention by counsel for defendants. We do not think it is applicable to the case at bar. In the Gilchrist Case a decision by the federal court was sought on a question which involved the construction of local statutes. The construction of those statutes had not been passed upon by the courts of the state. It was sought by the suit in the federal court to enjoin the state officials from proceeding to obtain a construction of the state statutes in the state courts. The Supreme Court held that an injunction under such circumstances ought not to be granted by the federal court.

In the case at bar the state statute involved has already been construed by the Supreme Court of the state. Furthermore, the crucial question involved in the instant suit in the federal court is not involved in the appeal pending in the state court. That question is whether the plaintiff railway company has under the facts disclosed by its bill a legal right to abandon the operation of its railroad—a legal right which is distinct from and independent of the conditional right to

abandon given by the Minnesota statutes. Relief on this independent ground the Railroad and Warehouse Commission could not give, nor on appeal from its order could the state district court give. State v. Duluth, etc., Ry. Co., supra. The motion to dismiss must be denied.

■ Turning to the merits of the application for an interlocutory injunction, the verified bill of complaint and the affidavits accompanying the same tend to establish the following facts: That the value of the railroad property of plaintiff is and has been for six years last past approximately $300,000. That there is a bond issue of $249,000 on said property. That interest thereon has been defaulted for more than six years. That the total gross income of said railroad during the past six years has been as follows:

| | |
|---|---|
| 1923 | $39,469 17 |
| 1924 | 37,502 17 |
| 1925 | 43,070 77 |
| 1926 | 49,992 56 |
| 1927 | 50,848 71 |
| 1928 | 40,500 89 |

That said gross income during said years failed to pay the operating costs, taxes, depreciation, and bond interest during said years, but that there were deficits as follows:

| | |
|---|---|
| 1923 | $18,671 35 |
| 1924 | 15,160 39 |
| 1925 | 5,693 11 |
| 1926 | 5,282 82 |
| 1927 | 7,691 09 |
| 1928 | 9,503 19 |

That during said years 60 per cent. of the gross income of the railroad has been derived from traffic of the National Woodenware Company, whose plant was located at Hill City. That in February, 1929, said woodenware company quit business at Hill City and dismantled its plant. That a survey of the traffic situation shows no traffic which will take the place of the traffic of the woodenware Company, and that the remaining traffic will not pay operating expenses of the railroad, leaving out of consideration depreciation, interest, charges, and return on investment. That plaintiff has offered to sell the railroad for the salvage value thereof, approximately $46,000, but has received no bids. That plaintiff has offered to lease its road, rails, ties, switches, and stations for $1 for 60 days, and for 22 additional months for $100 per month, but that said offer has not been accepted. That on March 1, 1929, plaintiff owed on said bonds, plus interest and current liabilities, $354,000; that the salvage value of the railroad and of the quick as-

sets will not exceed $50,000. That the average yearly maintenance expense of said railroad is $11,000. That more than one-half of this falls in the months of May, June, July, and August. That the irreducible minimum for maintenance and operation alone is approximately $21,000; leaving out of consideration all depreciation and all interest. That Hill City and vicinity is served to a considerable extent by established bus line and by trucks.

There is evidence on behalf of the defendants tending to disprove some of the allegations of the bill of complaint; but this evidence lacks the specific character of plaintiff's evidence, and is more or less speculative, especially as to the outlook for future earnings of the railroad. Taking all the evidence together, we think it tends to show with reasonable certainty that the continued operation of the railroad can only be had at a loss to the plaintiff. We find no contract obligation, either in plaintiff's charter or in the statutes of Minnesota, which prevents an abandonment of the operation of the railroad whenever it becomes reasonably certain that the same can no longer be operated except at a loss. If, as seems not improbable, plaintiff succeeds on the final hearing in proving the allegations of its bill, it will, in our opinion, be entitled to the relief demanded. Railroad Commission v. Eastern Texas R. Co., 264 U. S. 79, 44 S. Ct. 247, 68 L. Ed. 569, Brownwood N. & S. Ry. v. Railroad Commission (D. C.) 16 F.(2d) 297. For the present it is sufficient to say that the showing made entitles the plaintiff to an interlocutory injunction.

An order may be drawn, denying the motion to dismiss. Another order may be drawn, granting the application for an interlocutory injunction. The latter order should be drawn in accordance with the provisions of section 383, title 28, U. S. C. (28 USCA), and should provide that the interlocutory injunction will take effect upon the filing of a bond in the penal sum of $10,000, conditioned for the payment of damages suffered by the defendants, or any of them, or by any other party directly affected by the injunction, if it should be hereafter determined that the injunction was illegally or improvidently issued. The orders may be prepared by counsel for plaintiff, and submitted to counsel for defendants for approval as to form before being presented for signatures. The bond may be approved by any one of the judges who sat at the hearing.